USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STEERING COMMITTEE ON BEHALF OF THE PARTIES TO THE JPCIA DATED JULY 7, 2026,

Plaintiffs,

-against-

PENINSULA CAPITAL TRUST, PENINSULA ACCUMULATOR TRUST, PENINSULA ACCELERATOR TRUST, MANHATTAN PRIVATE CREDIT MARKETS LLC, MANHATTAN ST NOTES LLC, MANHATTAN 5 OCEANS PARTNERS LLC, SAVILLE FIDUCIARY CORPORATION f/k/a GLOBAL PATENT & ASSERTION CAPITAL CORPORATION, DIGITANWORKS AG, DOVERA CAPITAL PTY LTD, RODGERS AND ASSOCIATES LLC, PERSHING INSURANCE BOND, LLC a/k/a PERSHING SPECIALTY RISK LLC, CROWN GLOBAL DMCC, MANHATTAN PRIVATE CREDIT (SEYCHELLES), BRAYDEN CRAIG a/k/a NOEL LUXETON a/k/a SCOTT CAMPBELL FISHER a/k/a NOEL AVASONIS a/k/a SEAN CARTIER a/k/a BENNET BRAYDEN RICHARDS a/k/a TRENT SCOTT WALLACE STRONG a/k/a SCOTT WILLIAMS, CAROL ANN HUNTER, TIM BENTLEY, ANDREW MACKENZIE MELVILLE a/k/a ANDREW MELVILLE, JENNIFER LYNN RODGERS a/k/a JENNIFER ROGERS, DANIEL BENZ, LUKE ADEBIYI, and NIGEL CATT,

Defendants.

26-MC-00432 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Before the Court is Plaintiffs' motion for leave to file various documents under seal or in redacted form, in support of Plaintiffs' anticipated Motion for a Temporary Restraining Order, a

Pre-Judgement Order of Attachment and Early Discovery. Dkt. No. 6 (the "Motion to Seal"). Plaintiffs also intend to file a complaint against Defendants, Peninsula Capital Trust, Peninsula Accumulator Trust, Peninsula Accelerator Trust, Manhattan Private Credit Markets LLC, Manhattan St Notes LLC, Manhattan 5 Oceans Partners LLC, Saville Fiduciary Corporation f/k/a Global Patent & Assertion Capital Corporation, Digitanworks AG, Dovera Capital PTY LTD, Rodgers and Associates LLC, Pershing Insurance Bond, LLC a/k/a Pershing Specialty Risk LLC, Crown Global DMCC, Manhattan Private Credit (Seychelles), Brayden Craig a/k/a Noel Luxeton a/k/a Scott Campbell Fisher a/k/a Noel Avasonis a/k/a Sean Cartier a/k/a Bennet Brayden Richards a/k/a Trent Scott Wallace Strong a/k/a Scott Williams, Carol Ann Hunter, Tim Bentley, Andrew Mackenzie Melville a/k/a Andrew Melville, Jennifer Lynn Rodgers a/k/a Jennifer Rogers, Daniel Benz, Luke Adebiyi, and Nigel Catt (collectively, "Defendants") on behalf of 373 purported victims of an alleged "phony investment scheme." Plaintiffs seek recovery of no less than $105,892,547.01 of purported funds invested with and through Defendants between October 2024 and July 2026. For the reasons set forth below, the Motion to Seal is HEREBY GRANTED.

Plaintiffs request leave, *see* Dkt. No. 6, to file the following documents (the "Documents") under seal or in redacted form:

1. Plaintiffs' Verified Complaint, verified by Ada Carolina Rodriguez De Thorn on August 27, 2026 ("Complaint"), *see* Dkt. Nos. 6-3, 6-4 at 17–63;

2. The Affidavit of Nicholas C. White in Support of Order to Show Cause, sworn to on August 27, 2026 ("White Affidavit"), *see* Dkt. No. 6-4 at 1–16;

3. The Affirmation of Neal H. Levin in Support of Order to Show Cause, sworn to on August 27, 2026 ("Levin Affirmation"), *see* Dkt. No. 6-5; and

4. Plaintiffs' Memorandum of Law in Support of Motion for a Temporary Restraining Order, a Pre-Judgement Order of Attachment, and Early Discovery ("TRO Mem."), *see* Dkt. No. 6-6.

Plaintiffs request these Documents be filed under seal for a short period of time during which their motion for a temporary restraining order and order of attachment is adjudicated and, if granted, served on the relevant financial institutions. Plaintiffs have shown that in the absence of a sealing order, there is a heightened risk that Defendants will use the contents of the Documents to determine which accounts are potentially subject to a restraining order or order of attachment and take efforts to conceal and/or transfer the funds contained therein, which would defeat the very purpose of the requested relief. Plaintiffs have sufficiently shown that the information contained in the Documents is the result of intensive investigatory work conducted in an effort to identify Plaintiffs' funds that are the subject of the purported fraud.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115–19 (2d Cir. 2006)), three factors apply to requests for sealing: (1) whether documents are "judicial documents" to which a presumption of access attaches; (2) the weight of that presumption; and (3) the balance of competing interests against the weight of the presumption of access. The Documents are

clearly "judicial documents" under this test. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (presumption attaches to documents "relevant to the performance of the judicial function and useful in the judicial process"). However, the weight of the presumption and the countervailing factors support a limited sealing here. Plaintiffs do not seek to seal the Documents in perpetuity. Rather, they request a short-term seal that is narrowly tailored to a compelling interest in preventing the secreting of alleged fraudulent funds during the adjudication of an application for restraint of assets and the time needed to serve that order if granted. Where there is significant risk that, absent sealing, one party may take acts to frustrate the just disposition of the other party's claims, sealing is warranted. *See Lugosch*, 435 F.3d at 119–20 ("[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.).

The Court having examined the Documents and considered Plaintiffs' representations, it is hereby ORDERED that the Motion to Seal is GRANTED.

Dated: September 1, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge